[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9513
The plaintiff, John Hood, seeks a partition by sale of property located at 20 Marks Road, Riverside, pursuant to General Statutes 52-500. The matter was referred to an attorney trial referee, K. B. Povodator, Esq., pursuant to General Statutes 52-434 (a)(4) and Practice Book 428 et seq.
The attorney trial referee made a number of findings, including that the premises in question are owned as joint tenants with right of survivorship by the plaintiff and the defendant, Janet Yang; that a physical partition by division was impracticable, as the premises consist of a one family dwelling on a lot which is the the minimum permitted in the zone; and that the Putnam Trust Company held a first mortgage on the premises, which is in default and is the subject of a foreclosure in this court entitled Putnam Trust Co. v. Hood, CV 92 0124759.
Neither party filed motions to correct; Practice Book 438; nor exceptions or objections; Practice Book 439, 440; and therefore the report of the attorney trial referee is accepted and a partition by sale is hereby ordered.
In accordance with General Statutes 52-502 (b), Attorney David W. Hopper, 51 Amogerone Crossway, Greenwich, CT., 06830; (203) 629-1100, is appointed a committee to sell said premises at public auction, after advertising thereof, and subject to taxes and other valid liens, including the mortgage to the Putnam Trust. The successful bidder is to pay 10% of the bid to the committee in cash, certified or bank check, with the balance due on the confirmation of the sale by the court. The proposed deed and committee report are to be submitted to the court for approval. The cost of the sale is to be borne jointly between the plaintiff and the defendant. The funds from the sale are to be paid into court, and the distribution thereof shall be made after further hearing and order of the court. General Statutes52-502 (b).
So Ordered.
Dated at Stamford, Connecticut, this 19th day of October, 1992.
William B. Lewis, Judge